UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
SUN LIFE AND HEALTH
INSURANCE COMPANY (U.S.),	**SECOND AMENDED ANSWER TO FIRST AMENDED INTERPLEADER COMPLAINT AND REQUEST FOR DECLARATORY JUDGMENT**

                Plaintiff/Stakeholder,

    -against-

KATHLEEN COLAVITO,	Docket No. 7:11-cv-05225-KMK
DOMENIC COLAVITO and
TERESA MAMONE COLAVITO,

                Defendants/Claimants.
------------------------------------------------------------------x

      The defendants/claimants, DOMENIC COLAVITO and TERESA MAMONE COLAVITO, by their attorneys, GOLDSTEIN & METZGER, LLP, answering the First Amended Interpleader Complaint and Request for Declaratory Judgment of the plaintiff/stakeholder, respectfully allege as follows:

### JURISDICTION

      1. Admits the allegations contained in paragraph "1" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

### VENUE

      2. Admits the allegations contained in paragraph "2" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

### PARTIES

      3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

      4. Admits the allegations contained in paragraph "4" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

6. Admits the allegations contained in paragraph "6" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

7. Admits the allegations contained in paragraph "7" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

## FACTUAL ALLEGATIONS

8. Admits the allegations contained in paragraph "8" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

9. Admits the allegations contained in paragraph "9" of the First Amended Interpleader Complaint and Request for Declaratory Judgment except denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" that indicate that Exhibit "B" is a true and correct copy of the policy.

10. Admits the allegations contained in paragraph "10" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

11. Admits the allegations contained in paragraph "11" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

12. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

13. Admits the allegations contained in paragraph "13" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

14. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "14" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

**Goldstein & Metzger, LLP**
**40 Garden Street • Poughkeepsie, NY 12601 • (845) 473-7000**

15. Admits the allegations contained in paragraph "15" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

16. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "16" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

17. Admits the allegations contained in paragraph "17" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

## COUNT I-INTERPLEADER

18. With respect to the allegations set forth in paragraph "18" of the First Amended Interpleader Complaint and Request for Declaratory Judgment, defendants/claimants, Domenic Colavito and Teresa Mamone Colavito, repeat and reallege each and every response to paragraphs "1" through "17" of the First Amended Interpleader Complaint and Request for Declaratory Judgment Complaint, as if fully set forth herein.

19. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "19" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

20. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "20" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

21. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "21" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

22. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "22" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

23. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "23" of the First Amended Interpleader Complaint and

Goldstein & Metzger, LLP
40 Garden Street • Poughkeepsie, NY 12601 • (845) 473-7000

Request for Declaratory Judgment.

24. Admits the allegations contained in paragraph "24" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

25. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "25" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

26. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "26" of the First Amended Interpleader Complaint and Request for Declaratory Judgment.

## COUNT II - AFFIRMATIVE DEFENSES

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE AND DIRECT CLAIM AGAINST THE LIFE INSURANCE PROCEEDS OF PLAINTIFF'S POLICY

27. Defendants/claimants, Domenic Colavito and Teresa Mamone Colavito, repeat and reallege each and every response to paragraphs "1" through "26" of the First Amended Interpleader Complaint and Request for Declaratory Judgment, as if fully set forth herein.

28. On or about August 11, 2009, pursuant to the terms of the subject life insurance policy, Matthew R. Colavito designated Domenic Colavito and Teresa Mamone, primary beneficiaries of the subject life insurance policy by duly executing a "Designation of Beneficiary with Contingent Beneficiaries" form and filing at the home office of his Employer, pursuant to the terms of the policy.

29. On or about December 18, 2009, Matthew Colavito chose Domenic Colavito and Teresa Mamone (Colavito) equal beneficiaries under Group Policy No. 5050019, issued by MetLife and provided by the School Administration Association of New York State as part of his membership benefits and any insurance options which he was able to chose in conjunction with his membership application.

30. Therefore, the rightful beneficiaries are defendants/claimants, Domenic Colavito and Teresa Mamone Colavito.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE AND DIRECT CLAIM AGAINST THE LIFE INSURANCE PROCEEDS OF PLAINTIFF'S POLICY**

31.  Defendants/claimants, Domenic Colavito and Teresa Mamone Colavito, repeat and reallege each and every response to paragraphs "1" through "29" of the First Amended Interpleader Complaint and Request for Declaratory Judgment, and repeat and reallege each and every allegation made in defendants/claimants Amended Answer to First Amended Interpleader Complaint and Request for Declaratory Judgment, as if fully set forth herein.

32.  Upon information and belief, the actions of Kathleen Colavito have forfeited and/or revoked any rights or designations which she may have had to any proceeds to any life insurance benefits designated by Matthew R. Colavito.

**COUNT III - DIRECT CLAIMS**

**AS AND FOR A DIRECT CLAIM AGAINST THE LIFE INSURANCE PROCEEDS OF THE PLAINTIFF/STAKEHOLDER & CROSS CLAIM AGAINST DEFENDANT/CLAIMANT KATHLEEN COLAVITO**

33.  Defendants/claimants, Domenic Colavito and Teresa Mamone Colavito, repeat and reallege each and every response to paragraphs "1" through "32" of the First Amended Interpleader Complaint and Request for Declaratory Judgment, and repeat and reallege each and every allegation made in defendants/claimants Amended Answer to First Amended Interpleader Complaint and Request for Declaratory Judgment, as if fully set forth herein.

**FACTUAL ALLEGATIONS**

34. Matthew Colavito and Teresa Mamone Colavito were married on September 14, 1986, in Croton-on-Hudson, State of New York.

35. One issue was born of the marriage, Domenic Rocco Colavito, on September 25, 1988.

36. On December 9, 1988, the parties entered into an Agreement of Separation.

37. On September 24, 1991, Matthew Colavito and Teresa Mamone Colavito entered into a Stipulation of Settlement ("STIPULATION") which modified the Separation Agreement

of December 9, 1998. A copy of the Stipulation is annexed as Exhibit "1" and made a part hereof.

38. Paragraph 4.6 of the Stipulation, "Insurance", subdivision (2)(a) recites as follows: "The Husband agrees to maintain and keep in full force and effect on his life a policy or polices of life insurance insuring his life with the child, DOMENIC ROCCO COLAVITO, named as beneficiary thereunder, and the Wife as trustee therefor with an aggregate death benefit in the sum of $100,000.00 until the child's attainment of an emancipation event as defined herein."

39. Pursuant to the Stipulation at the time of Matthew Colavito's death, January 5, 2011, an emancipation event had not occurred, as Domenic Colavito was attending a college or university as a full time student and Matthew Colavito continued to pay child support for Matthew Rocco Colavito, through an Income Execution Order.

40. The Husband, Matthew Colavito, at the time of his death, had a continuing obligation to pay child support.

41. That, as long as Matthew Colavito was paying child support he was obligated to have in existence a policy of life insurance, in the sum of $100,000.00, with Domenic Rocco Colavito named as beneficiary, and Teresa Mamone Colavito, trustee thereof.

42. That at the time of the death of Matthew Colavito, he was married to Kathleen Colavito, but living separate and apart for 2.5 years, and had a divorce proceeding pending.

43. That Kathleen Colavito claims to be the beneficiary of the $100,000.00 life insurance policy of Sun Life and Health Insurance Company (U.S.). (Hereinafter "Sun Life Policy").

44. That the Sun Life policy was the policy which Matthew Colavito promised to keep in full force and effect pursuant to his obligations under the Stipulation.

45. To the extent that Kathleen Colavito is a beneficiary of the Sun Life Policy, she has been unjustly enriched, and the proceeds should be subjected to a constructive trust.

46. That Domenic Colavito and Teresa Mamone Colavito have a superior equitable interest in the proceeds of the Sun Life Policy.

47. That the Court should impose a constructive trust on the proceeds of the Sun Life Policy to the benefit of defendants/claimants, Domenic Colavito and Teresa Mamone Colavito.

48. That defendants/claimants, Domenic Colavito and Teresa Mamone Colavito, request the Court impose a constructive trust on the proceeds of the Sun Life Policy.

## PRAYER FOR RELIEF

**WHEREFORE**, defendants/claimants, Domenic Colavito and Teresa Mamone Colavito, pray for entry of judgment against defendant/claimant, Kathleen Colavito, for the following:

1. Declaring defendants/claimants, Domenic Colavito and Teresa Mamone Colavito, the true and lawful beneficiaries of the Sun Life insurance policy proceeds in the amount of $100,000 together with applicable interest, and the registry of the Court pay same to them; and

2. Declaring a constructive trust of the Sun Life Insurance policy proceeds, Domenic Colavito and Teresa Mamone Colavito as beneficiaries in the amount of $100,000.00, in accordance with the parties Stipulation of Settlement, and to satisfy the Child Support obligations entered into between Matthew Colavito and Teresa Mamone Colavito; and

3. Such other and further relief as this Court deems just and proper, together with the costs, disbursements of this action, and attorneys' fees.

Dated: Poughkeepsie, New York
      August 7, 2012

      GOLDSTEIN & METZGER, LLP
      Attorneys for Defendants/Claimants,
      Domenic Colavito and
      Teresa Mamone Colavito


      By_____/S/_____
            Paul J. Goldstein   (9722)
            40 Garden Street
            Poughkeepsie, New York 12601
            Tel. 845/473-7000
            Fax. 845/454-4783

TO:   MARTIN LAW GROUP, P.C.
       Attorneys for Defendant/Claimant,

Kathleen Colavito
2644 East Main Street
Wappingers Falls, NY 12590