

# GOLDSTEIN & GOLDSTEIN
*attorneys and counselors at law*

Paul J. Goldstein

Lindsey M. Goldstein*
*Also admitted in
New Jersey and Pennsylvania

Maryanne Quick
Paralegal

40 Garden Street
Poughkeepsie, NY 12601-3106
(845) 473-5100
Facsimile (845) 454-4783

January 11, 2013

HON. KENNETH M. KARAS
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
300 QUARROPAS STREET
WHITE PLAINS, NY 10601

      RE:    SUN LIFE AND HEALTH INSURANCE COMPANY (U.S.) v.
            KATHLEEN COLAVITO, DOMENIC COLAVITO AND TERESA
            A. MAMONE COLAVITO
            Case No.: 7:11-CV-05225

Dear Judge Karas:

      On January 5, 2011, 47 year old (D.O.B. 8/19/63), Matthew Colavito died of lung cancer. He left his son, Domenic Colavito, age 22 (D.O.B. 9/25/88), who was living with him and taking care of him, at the time of his death. He also was survived by his estranged wife, Kathleen Colavito, who had been removed from the marital residence in August, 2008, by an order of protection, and who he had been living separate and apart from since that date. In spring, 2010, divorce proceedings were instituted, which were pending at the time of his death.

      In October, 2007, Mr. Colavito was hired by the BOCES School District, as Supervisor of Facilities. Among the many benefits, provided to him was a life insurance benefit of $100,000.00, which was paid for by BOCES, pursuant to a Collective Bargaining Agreement between BOCES and Mr. Colavito's Union, BOCES Administrative and Supervisory Association of Dutchess County. The information given to the employees explaining this benefit, was contained in a booklet entitled, "Your Group Life Benefits". Page 32, "How to Change the Beneficiary", indicates all a participant need do is give a signed written notice of the change and file it in the home office of his employer. The name of the insurance company holding the policy is not identified.

      BOCES purchases the policy, along with dental insurance, accident insurance and disability insurance, through an administrator, Fitzharris & Company, who in turn obtains the life policy from Sun Life. The employee only deals with BOCES. At the time of his hire, on

October 26, 2007, Mr. Colavito executed, with BOCES, an "Enrollment Request", on a Genworth Financial form, given to him by BOCES, which he filled out, stating Kathleen Colavito, his wife, as primary beneficiary, and Domenic Colavito, his son, as contingent beneficiary.  The form does not designate a particular life insurance policy and also has check boxes for dental coverage, which was also checked off.  The actual form Mr. Colavito filled out and marked as an exhibit at the depositions, has many strike outs indicating the confusion which the form generates in an employee trying to figure out what they are actually enrolling for.  He also executed other benefit enrollment forms.

     No specific Sun Life forms are provided nor is there any indication from all documents given to employees that Sun Life is the insurance carrier that holds the $100,000.00 policy.  BOCES administrators testified that they know of no specific change of beneficiary forms and, on the rare occasions there was a change, they used the same "Enrollment Request" form, which was used to designate the beneficiary simply by checking a box, near the top, marked "change".

     On August 11, 2009, Matthew Colavito changed the beneficiary on his employer provided life insurance, with Sun Life, by filing with BOCES, a "Designation of Beneficiary with Contingent Beneficiaries" form naming his son, Domenic Colavito, and his former wife, Teresa Mamone (Colavito).

     Additionally, Mr. Colavito changed all beneficiary designations in which Kathleen Colavito's name appeared; he changed his New York State Employees Retirement Death Benefits, and on December 18, 2009, his life insurance policy with his union, School Administrators Association of New York State ("ASA"), to Domenic and Teresa.

     A change of beneficiary may be shown by proof of intent to make the change coupled with positive action on the part of the insured evidencing an exercise of the right to change the beneficiary.  <u>Provident v.Vergara</u>, 1995 WL 571874 (S.D.N.Y. Sept 27, 1995), aff'd, 104 F.3d 350 (2d Cir.1996).  The means of effecting the change of beneficiary is important only to the insured and insurer, for the insurers benefit, and therefore, precise compliance is waived once the insurer institutes an interpleader action and submits the proceeds into court.  The right to question the sufficiency of the instrument, which effects a change of beneficiary, is only granted to the insurer.  <u>Metropolitan Life Ins. Co. v. Costello</u>, 2002 WL 1751398 (E.D.N.Y.).

     In judging the efficacy of an attempted change of beneficiary, the Courts brush aside the legal technicalities in order to effectuate the intent of the insured.  <u>United States v. Pahmer</u>, 238 F.2d 431 (2d.Cir.1956).

     The paramount factor is the intent of the insured.  A question of fact is presented as to whether the insured's conduct was sufficient to effect a change of beneficiary, under the circumstances presented herein.  <u>Cable v. Prudential Ins. Co. Of America</u>, 89 A.D. 2d 636 (3d Dept. 1982).  That is, Mr. Colavito, replaced his estranged wife, Kathleen Colavito, as beneficiary, naming Domenic and Teresa as beneficiaries to his Retirement Plan, his life insurance policy with ASA, and filing a change of Beneficiary form with his Employer for the Sun Life Policy.  Although the beneficiary form Mr. Colavito used may also be used to effect a

change to beneficiaries in the New York State Retirement System, to effect that change, the employee must file it with the Retirement System, in Albany, New York, not with the Employer, as Mr. Colavito did in the instant matter.  Domenic and Teresa Colavito also intend to show, by testimony of Mr. Colavito's divorce lawyer, close friends, and a statement Mr. Colavito himself tape recorded before his death, that it was his intent and that he thought he had changed the beneficiary on the $100,000.00 policy.

Mr. Colavito's intent, coupled with his affirmative act of submitting the change of beneficiary to his employer, presents questions of fact to be decided at a Trial.  McCarthy v. Aetna Life Ins. Co., 92 N.Y. 2d 436 (1958).

With respect to Teresa Colavito's claim of a constructive trust.  Although, under the agreements between Matthew Colavito and Teresa Colavito provided for the child support obligation to terminate, and thus the $100,000.00 life insurance policy to guarantee payments, the parties orally modified that agreement to extend the emancipation event to Domenic's 26th birthday, in order to pay for Domenic's continuing college and graduate school education.  This is evidenced by Mr. Colavito's consent to having his wages garnished for child support, which was in effect at the time of his death, despite Domenic having already reached the age of 22, an emancipation event in the original agreement.  Health and dental insurance were also in effect because the parties had altered the emancipation event.

Accordingly, questions of fact abound as to Matthew Colavito's intent when he changed the life insurance beneficiary to his son and former wife.  Additionally, questions remain if the parties amended their separation agreement to extend Domenic's emancipation event.

        Respectfully yours,

        GOLDSTEIN & GOLDSTEIN, ESQS.


        By:_____/s/_____
                Paul J. Goldstein

PJG/jlm

cc:    Jeffrey A. Hoerter, Esq.