UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - - -X
SUN LIFE AND HEALTH
INSURANCE COMPANY (U.S.),

                    Plaintiff/Stakeholder,

     -against-

KATHLEEN COLAVITO,
DOMENIC COLAVITO, and                   Docket No.  7:11-cv-5225 (KMK)
TERESA MAMONE COLAVITO,

                             Judge Karas

               Defendants/Claimants.
- - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - -X


# MEMORANDUM OF LAW


                          MARTIN LAW GROUP, P.C.
                          Attorneys at Law
                          2644 East Main Street
                          Wappingers Falls, New York 12590
                          Attorneys for Defendant/Claimant
                          Kathleen Colavito
                          (845) 440-8594
                          (845) 632-6233 (Fax)


Jeffrey A. Hoerter, Esq.
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - - - -X
SUN LIFE AND HEALTH
INSURANCE COMPANY (U.S.),

                Plaintiff/Stakeholder,

   -against-

KATHLEEN COLAVITO,
DOMENIC COLAVITO, and                Docket No.  7:11-cv-5225 (KMK)
TERESA MAMONE COLAVITO,

                         Judge Karas

               Defendants/Claimants.
- - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - - -X

## MEMORANDUM OF LAW

## STATEMENT

      Defendant/Claimant Kathleen Colavito, by her attorneys, Martin Law Group, P.C., by Jeffrey

A. Hoerter, Esq., of Counsel, submits this memorandum of law in support of her motion for

summary judgment, declaring her to be the rightful beneficiary and owner of the proceeds of the

within Sun Life and Health Insurance Policy, and directing the Clerk of this Court to pay over to

claimant Kathleen Colavito, the proceeds of said policy, which have been deposited with the Clerk

of this Court.

**QUESTION PRESENTED**

1.      Whether claimant Kathleen Colavito is the rightful beneficiary and the owner of the proceeds of the within Sun Life and Health Insurance Company Policy where she is the named beneficiary as designated by the policy holder, Matthew Colavito, deceased, in a designation of beneficiary dated October 26, 2007, and where no change of beneficiary with respect to the subject insurance policy was ever submitted prior to the named insured's death on January 5, 2011?

## THE FACTS

The facts relied on in this memorandum of law are contained in the Declaration of Attorney Jeffrey A. Hoerter, dated April 5, 2013, to which this memorandum is appended, and the exhibits appended thereto.

## ARGUMENT

### POINT ONE

**AS THE NAMED BENEFICIARY OF THE SUN LIFE INSURANCE POLICY, WHICH DESIGNATION WAS NOT CHANGED PRIOR TO THE DEATH OF THE INSURED, CLAIMANT KATHLEEN COLAVITO IS THE ONLY RIGHTFUL OWNER OF THE POLICY PROCEEDS.**

The instant action originated before this Court by means of a "rule interpleader" filed by Sun Life and Health Insurance Company (hereinafter "Sun Life") in connection with multiple beneficiary claims of entitlement to the proceeds of a life insurance policy on the life Matthew R. Colavito, deceased (hereinafter "Mr. Colavito" or "the insured" or "Matthew Colavito"). During his lifetime, Mr. Colavito was employed by Dutchess BOCES, in Poughkeepsie, New York, as a "working supervisor/supervisor of facilities," a position he held from October 22, 2007, until his death on January 5, 2011. At the time of his death Mr. Colavito was married to claimant Kathleen Colavito, although divorce proceedings were then pending (upon information and belief, still in the discovery stage) before New York State Supreme Court, Dutchess County.

Upon the commencement of his employment, Mr. Colavito was enrolled as a member of the New York State and Local Retirement System. In connection therewith, Mr. Colavito executed an Article 15 Membership Registration (Form RS 5420-I), which included a beneficiary designation naming claimant Kathleen Colavito, as Primary Beneficiary of any death benefit, and naming his son, claimant Domenic Colavito, as Contingent Beneficiary. It must be noted here that this death benefit was part and parcel of Mr. Colavito's retirement plan, and was not an insurance policy. Thereafter, on or about August 11, 2009, Mr. Colavito executed and apparently filed with the New York State and Local Retirement System on August 14, 2011, a Designation of Beneficiary With Contingent Beneficiaries (Form RS 5127-I), naming his son, claimant Dominic Colavito and

4

his ex-wife, claimant Teresa Mamone, as Primary Beneficiaries of the aforementioned death benefit. Upon information and belief, both Dominic Colavito and Teresa Mamone have filed for and received death benefit payments from the New York State and Local Retirement System. Upon further information and belief, both Dominic Colavito and Teresa Mamone have also filed for and received death benefit payments from a life insurance policy under a group policy issued by MetLife and provided by the School Administrators Association of New York State, pursuant to a Beneficiary Designation dated December 18, 2009. The propriety of these payments is not presently before this Court and this information is provided only as background.

        Upon the commencement of his employment, Mr. Colavito was also enrolled in and was insured under a group life insurance policy, policy number 270-0000, account number 454-4052-00, insured by Sun Life. A copy of the Sun Life policy is included as "Exhibit B" appended to Plaintiff Sun Life's First Amended Interpleader Complaint, filed in this Court as "Document 3," on or about August 4, 2011 (Case 7:11-cv-05225-KMK). A copy of the "enrollment request," submitted by Mr. Colavito and dated October 26, 2007, is included as "Exhibit C" appended to the same filing in this Court, and is also appended as Exhibit 6, to the Declaration of Attorney Jeffrey Hoerter, submitted in support of the instant motion for summary judgment. The enrollment request designates claimant Kathleen Colavito, as "Primary Beneficiary," and names Dominic Colavito as Contingent Beneficiary. There has been no subsequent change of beneficiary submitted by Mr. Colavito.

        Summary judgment is appropriate in this case because, quite simply, under the terms of the insurance contract, the only designation of beneficiary names claimant Kathleen Colavito as the Primary Beneficiary under the Sun Life Policy. Further, under the plain terms of the insurance policy, the designation of beneficiary or a change in beneficiary "must be in writing and signed by [the insured]. It must be filed at our Home Office, the office of the Policyholder or at the home

office of the employer." See, Exhibit B, appended to Plaintiff Sun Life's First Amended Interpleader Complaint, at Part 9, ppg. 27 and 28.   As noted above, no other beneficiary designation or change of beneficiary with respect to the Sun Life policy was ever filed prior to Mr. Colavito's death. Moreover, it is clear that Mr. Colavito was able to and did change beneficiaries under the terms of his retirement system death benefits provision as well as his School Administrators Association Insurance policy, but did not do so with respect to the Sun Life Policy.  Thus, in the absence of any other beneficiary designation, the designation naming claimant Kathleen Colavito must control and, thus, in the absence of any factual dispute before this court regarding the existence of a different beneficiary designation, summary judgment in favor of Kathleen Colavito is appropriate.

By virtue of the foregoing, it is clear that claimant Kathleen Colavito has demonstrated her prima facie entitlement to summary judgment, and the burden thus shifts to claimants Domenic Colavito and Teresa Mamone to demonstrate the existence of a disputed issue of fact in order to avoid summary judgment.

In their Second Amended Answer To First Amended Interpleader Complaint And Request For Declaratory Judgment (dated and Filed on August 7, 2012) (hereinafter "Second Amended Answer"), claimants Dominic Colavito and Teresa Mamone assert several claims advanced in support of their position and allege that they are entitled to the proceeds of the Sun Life Policy. The first of these claims, set forth on page 4 of the Second Amended Answer, in paragraph 28, thereof, is that "[o]n or about August 11, 2009, pursuant to the terms of the subject life insurance policy, Matthew R. Colavito designated Dominic Colavito and Teresa Mamone, primary beneficiaries of the subject life insurance policy by duly executing a "Designation of Beneficiary with Contingent Beneficiaries" form and filing at the home office of his Employer, pursuant to the terms of the policy." This allegation is simply incorrect and belied by both the documents already

6

before this Court as well as the testimony at deposition of Peter Wang and Matthew Carr. [1]

In the first instance, the change of beneficiary form (New York State and Local Retirement System form RS-5127-I) executed and filed by Matthew Colavito on August 11, 2009, was addressed to and specifically filed with regard to the death benefit payable by and through the New York State and Local Retirement System. A copy of the form was admitted into evidence at the depositions of both Mr. Wang and Mr. Carr as "Exhibit F" and "Exhibit G-1." Both Mr. Wang and Mr. Carr testified that this form was unrelated to the Sun Life Insurance Policy. In addition, Mr. Wang described how, at the time of his hiring, Matthew Colavito was provided with a form entitled "Genworth Financial Enrollment Request" (admitted into evidence as Exhibit A-1), and a brief instruction sheet describing how this form was to be used (admitted into evidence as Exhibit A-4). Mr. Wang further described how, in the event the insured wished to change beneficiaries on the Sun Life policy, the same form (Exhibit A-1) was to be used to notify both the employer and the insurance company of the desired change. Both Mr. Carr and Mr. Wang described how, at BOCES, the retirement system benefits and the life insurance benefits were handled by different persons in different offices. Finally, both Mr. Wang and Mr. Carr testified that they had each reviewed the file maintained by BOCES in connection with the insured's employment and, although a copy of the retirement beneficiary change form was contained therein, there was no change of beneficiary form for the Sun Life policy.

Based upon the foregoing, it is clear that the allegation contained in paragraph 28 of

---

[1] The Deposition of Peter Wang, who is employed as Benefits Administrator for BOCES, and has been so employed for some 22 years, was conducted on November 9, 2012. The Deposition of Matthew Carr, formerly the Business Administrator for Human Resources at BOCES, in which position he held supervisory authority over Mr. Wang, was conducted on November 14, 2012. The Deposition of Kathleen Colavito, surviving spouse of the insured, Matthew Colavito, was conducted on December 10, 2012. The Deposition of Suzan Bajardi, the Notary Public who witnessed Mr. Colavito's signature on his New York State Employee's Retirement System Death Benefit Change of Beneficiary form, was conducted on December 12, 2012.

the Amended Answer is incorrect, as there was no change of beneficiary form filed with respect to the Sun Life Policy, and therefore, pursuant to the terms of the policy, Kathleen Colavito is the only rightful beneficiary. Moreover, insofar as it may be argued that it was the insured's "intent" to change the beneficiary of the Sun Life Policy, such an argument must fail as a matter of settled law.

Indeed, in the first instance, New York statutory law mandates that any designation of beneficiary of life insurance proceeds must be made in writing, signed by the person making the change, and agreed-to by the insurance company. New York Estates, Powers and Trusts Law (NYEPTL) §§ 13-3.2 (d) (defining "persons entitled to receive payments" under an insurance policy) and (e) (setting forth that "A designation of a beneficiary or payee to receive payment upon death of the person making the designation . . . must be made in writing and signed by the person making the designation and be . . . [A]greed to by the insurance company or the savings bank authorized to conduct the business of life insurance, as the case may be."). The New York Court of Appeals has consistently required strict compliance with the statutory mandate, except where the insured was unable to comply with the strict requirements due to circumstances beyond his or her control. McCarthy v. Aetna Life Insurance Co., 92 N.Y.2d 436, 681 N.Y.S.2d 790, 704 N.E.2d 557 (1998) (general testamentary statements in a Will do not accomplish change of beneficiary); Androvette v. Treadwell, 73 N.Y.2d 746, 536 N.Y.S.2d 43, 532 N.E.2d 1271 (1988) (lack of contemporaneously signed change of beneficiary form ineffective to change beneficiary despite fact that change was made at decedent's direction and reflected his intent). Moreover, Federal Courts in New York called upon to interpret such provisions have consistently followed New York Statutory and case law. Amex Assurance Co. v. Caripides, 316 F.3d 154 (2d Cir. 2003); Sun Life Assurance Company of Canada v. Gruber, 334 Fed. Appx. 355, 2009 WL 1560829 (2d Cir. 2009) [affirming, Sun Life Assurance Company of Canada v. Gruber, 2007 WL 4457771 (SDNY, 2007) (Buchwald, D.J.)].

In sum, notwithstanding any claim of the insured's intent, the failure to sign and file

8

a change of beneficiary form in the manner prescribed by New York Law and the insurance contract mandates that summary judgment be awarded to Kathleen Colavito.

        In sum, in the absence of affirmative proof of the proper submission of a change of beneficiary request in connection with the Sun Life Policy, the named beneficiary, i.e., Kathleen Colavito, is the only person entitled to receive benefits under this policy. It is, therefore, respectfully requested that this Court grant the motion of claimant Kathleen Colavito for summary judgment, for an order and judgment of this Court directing that the proceeds of the Sun Life Policy, now held by the Clerk of this Court, be paid over and delivered to Kathleen Colavito, the designated beneficiary.

## POINT TWO

**CLAIMANT KATHLEEN COLAVITO HAS NOT, BY HER ACTIONS, FORFEITED OR REVOKED ANY RIGHTS OR DESIGNATIONS TO ANY PROCEEDS OF THE SUN LIFE POLICY.**

On Page 5 of the Amended Answer, at paragraph 32, claimants Domenic Colavito and Teresa Mamone allege that "[u]pon information and belief, the actions of Kathleen Colavito have forfeited and/or revoked any rights or designations which she may have had to any proceeds to any life insurance benefits designated by Matthew R. Colavito." This claim, unaccompanied by any facts or legal precedent is utterly without merit.

In the absence of any specificity with regard to the facts and circumstances of what actions, if any, may have worked a forfeiture, it is impossible to respond to this allegation and it should be summarily rejected by this Court. Moreover, claimants Domenic Colavito and Teresa Mamone have utterly and completely failed to put forth any argument, legal or otherwise, in support of this conclusory and self-serving allegation.

In sum, this claim is unsupported in both fact and law and should not be construed by this Court to create a disputed issue of material fact sufficient to defeat claimant Kathleen Colavito's motion for summary judgment.

## POINT THREE

### THERE IS NO BASIS UPON WHICH A CONSTRUCTIVE TRUST COULD BE IMPOSED UPON THE PROCEEDS OF THE SUN LIFE POLICY.

Finally, commencing on page 5 and continuing through page 7, at paragraphs 34 through 48 of the Second Amended Answer, Dominic Colavito and Teresa Mamone claim that a Constructive Trust should be imposed upon the proceeds of the Sun Life policy because the stipulation of settlement that modified the separation agreement executed in connection with the divorce action between Matthew Colavito and Teresa Mamone, executed on September 24, 1991, contained a provision requiring Matthew Colavito to maintain a $100,000.00 life insurance policy on his life "until [Dominic Colavito's] attainment of an emancipation event as defined herein." See, Amended Answer, at para. 38. This claim, and the facts pleaded in support thereof (para. 38 and 39), are conclusively belied by the unequivocal terms of the separation agreement, a copy of which is attached to claimants Domenic Colavito and Teresa Mamone's [First] Amended Answer, dated July 26, 2012.

The terms of the "life insurance" provision of the separation agreement are set forth on page 17 and 18 of the agreement. The definition of "emancipation events" is set forth at page 12 and 13 of the agreement, and specifically provide that Mr. Colavito's obligation to pay child support "shall terminate upon the earliest of the following emancipation events: (a) Completion of the child's college education after attaining the age of twenty-one (21) years but in no event after twenty-two (22) years." The same agreement sets forth Domenic Colavito's date of birth as September 25, 1988 (at page 1). Thus, on the date of Matthew Colavito's death (January 5, 2011), Dominic Colavito was over the age of twenty-two years, and, thus, the life insurance obligation was no longer in effect. Therefore, because Domenic Colavito was over the age of twenty-two years on the date of Matthew Colavito's death, there is no basis upon which a constructive trust could be imposed.

11

Here, again, in sum, this claim is unsupported in both fact and law and should not be construed by this Court to create a disputed issue of material fact sufficient to defeat claimant Kathleen Colavito's motion for summary judgment.

## CONCLUSION

CLAIMANT KATHLEEN COLAVITO'S MOTION
FOR   SUMMARY   JUDGMENT   SHOULD   BE
GRANTED, IN ALL RESPECTS.

Respectfully submitted.

MARTIN LAW GROUP, P.C.
Attorneys at Law
Attorneys for
2644 East Main Street
Wappingers Falls, New York 12590
(845) 440-8594
(845) 440-8596 (Fax)

By:  _____
Jeffrey A. Hoerter, Esq.

April, 2013

13