UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
SUN LIFE AND HEALTH
INSURANCE COMPANY (U.S.),       CLAIMANTS DOMENIC
    COLAVITO AND TERESA
    MAMONE COLAVITO
    Plaintiff/Stakeholder,    RESPONSE TO CLAIMANT
    KATHLEEN COLAVITO'S
    -against-    STATEMENT OF FACTS

KATHLEEN COLAVITO,    Docket No. 7:11-cv-05225-KMK
DOMENIC COLAVITO and
TERESA MAMONE COLAVITO,

    Defendants/Claimants.
-----------------------------------------------------------------x

Pursuant to Local Rule 56.1, claimants, DOMENIC COLAVITO AND TERESA MAMONE COLAVITO, by their attorneys, GOLDSTEIN & GOLDSTEIN, LLP, submits the following response to claimant KATHLEEN COLAVITO's statement of facts, as set forth in attorney's declaration:

1. Admits that Jeffrey A. Hoerter represents the claimant Kathleen Colavito. Deny that Kathleen Colavito is entitled to summary judgment.

2. Without knowledge and information to form a belief as to the truth of this statement.

3. Admits.

4. Admits.

5. Admits.

6. Admits.

7. Admits.

8. Admits.

9. Admits.

10. Admits.

11. Admits.

12. Admits.

13. Admits.

14. Admits.

15. Deny.  On August 11, 2009, in the presence of Susan Bajardi, personnel assistant at BOCES, Matt Colavito signed the form entitled "Designation of Beneficiary With Contingent Beneficiaries", naming Domenic Colavito and Teresa Mamone as the primary beneficiaries. (Exhibit 7).  Ms. Bajardi accepted the designation, put a copy in Matt's personnel file, and presumably mailed a copy to the State Comptroller. (Exhibit D, p. 34, lines 6-12).

16. Admits.

17. Admits.

18. Admit in part.  Deny in part.  The insurance policy at issue here was provided as a benefit to administrative employees by BOCES, Matt Colavito's employer. (Deposition of Peter Wang, dated November 9, 2012, Exhibit C, p.10, lines 21-24; p. 33, lines10-17).

19. Deny.  Matt left behind an oral will in the form of a tape recording. (Recording and Transcript of recording are attached as Exhibit B).

20. Deny.  Conclusory statement, claimant is making a legal conclusion and not asserting a fact.

## ADDITIONAL MATERIAL FACTS

21. In August 2008, Matt Colavito had claimant, Kathleen Colavito, removed from the marital residence pursuant to an Order of Protection. (Deposition of Kathleen Colavito, dated December 7, 2012, Attached as Exhibit "A", p. 12).

22. After being removed in August 2008, Kathleen Colavito never returned to the marital home. (Exhibit A, p.14, lines 13-14).

23. In September 2010, Kathleen Colavito first found out that Matt Colavito had cancer, from his son, Claimant, Domenic Colavito, who she ran into at the laundromat. (Exhibit A, p. 46, lines18-25).

24. Matt Colavito made a tape on October 17, 2010. A transcript of the tape is attached hereto as Exhibit "B". That tape was authenticated by Kathleen Colavito at her deposition. (Exhibit A, p. 52, lines 22-23).

25. In the tape recording, made by Matt Colavito, he identifies himself by name, and states the date as October 17 and time as 7:20 A.M.

26. In the recording, Matt states, "There's things that gotta be said, just God forbid in case I do go". (Exhibit B).

27. In the tape recording Matt directs how his affairs should be sorted, between Domenic Colavito, Teresa Mamone Colavito, Kathleen Colavito, and Niki Nedialkov (Kathleen's daughter), after he passes. (Exhibit B)

28. Additionally, Matt states, "All of my life insurance, Domenic is the sole beneficiary. I want Domenic to have everything. In case God forbid something happens, uh, Teresa, I want to have, because she is my second beneficiary." (Exhibit B)

29. Peter Wang, was the Benefits Administrator at BOCES. (Deposition of Peter Wang, dated November 9, 2012, Exhibit C, p.5, line 19).  When there was a new hire, like Matt Colavito, he would provide the human resources office with information regarding the employee's life insurance, health insurance and dental insurance.  Joan Goldhammer in the human resources department would have contacted Matt and given him the Sun Life enrollment form and any other information related to the life insurance policy, in a "new hire" benefits package. (Exhibit C; p. 24, lines 15-20).

30.  Sun Life life insurance was offered to certain employees, like Matt Colavito, by BOCES. (Exhibit C, p. 10, line 21-24)

31.  Fitzharris & Company was the administrator for the Sun Life insurance policy, in October 2007, when Matt Colavito was hired.  (Exhibit "C", p. 17, lines 9-11)

32.  Fitzharris & Company provided BOCES with a form for enrollment in Sun Life life insurance, which said "Genworth Financial" on the top.  (Exhibit C, p. 17; Exhibit 5).

33. Mr. Wang did not know who or what "Genworth Financial" was or why that appeared at the top of the Sun Life enrollment form. (Exhibit C, p. 17).

34.  Mr. Wang had nothing to do with union benefits, pension benefits or any of the benefits offered by New York State to BOCES employees. (Exhibit C, p. 28-29).

35.  In order to change a beneficiary to the Sun Life life insurance policy, an employee would have to go see Mr. Wang for the paperwork. (Exhibit C, p. 33, lines 21-23; p. 39-40).

36.   There were no change of beneficiary forms, for the Sun Life policy, available for employees of BOCES.  No such form existed in 2007, when Matt Colavito was

changing beneficiaries for all of his benefits. (Exhibit D, p. 43).

37. Matthew Carr was Matt Colavito's good friend and co-worker. (Deposition of Matthew Carr, dated November 14, 2012, Exhibit "D", p. 18, line 9-10 ).

38. In 2007, Matthew Carr worked at BOCES as business administrator for human resources. (Exhibit D, p. 5, line 16).

39. Matthew Carr testified that Matt Colavito wanted all of his benefits to go to his son, Domenic. (Exhibit D, p. 31, lines 17-18).

40. Matt was paying child support for his son, claimant, Domenic Colavito, beyond what he was obligated. (Exhibit D, p. 35, lines 20-21).

41. Matt consented to garnishment of his wages for continued child support, as noted by "Westchester SCU" notation on his payroll records. (Exhibit F).

42. According to Matthew Carr, Kathleen Colavito did not attend Matthew Colavito's funeral. (Exhibit D, p. 36, line 11).

43. Sun Life provided a booklet to BOCES to give their newly hired employees entitled "Your Group Life Benefits". (Exhibit D, p.44; Exhibit E).  This booklet is given to employees with their new hire benefits package, by Joan Goldhammer in human resources department. (Exhibit C, p. 13, line 23 - p. 14, line 4; p.21-22).

44. Part 9, page 32, has a section entitled, "How To Change the Beneficiary".  (Exhibit E,"Your Group Life Benefits", p. 31-32).  It allows an employee to change the beneficiary by written notice to BOCES signed by employee and can be filed at the home office of the employer. (Exhibit E).

Dated:   Poughkeepsie, New York
         May 3, 2013

                                          Respectfully submitted,

                                          GOLDSTEIN & GOLDSTEIN, LLP
                                          Attorneys for Claimants, Domenic Colavito and
                                          Teresa Mamone Colavito

                                          /s **Paul J. Goldstein**
                                          Paul J. Goldstein, Esq. (9722)
                                          40 Garden Street
                                          Poughkeepsie, NY 12601
                                          Tel. 845/473-5100
                                          Fax: 845/454-4783
                                          Paul@goldsteinlawfirm.com