UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X
SUN LIFE AND HEALTH
INSURANCE COMPANY (U.S.),

                Plaintiff/Stakeholder,

    -against-

KATHLEEN COLAVITO,
DOMENIC COLAVITO, and               Docket No.  7:11-cv-5225 (KMK)
TERESA MAMONE COLAVITO,

                           Judge Karas

                Defendants/Claimants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -X


## SUPPLEMENTAL MEMORANDUM OF LAW


                            MARTIN LAW GROUP, P.C.
                            Attorneys at Law
                            2644 East Main Street
                            Wappingers Falls, New York 12590
                            Attorneys for Defendant/Claimant
                            Kathleen Colavito
                            (845) 440-8594
                            (845) 632-6233 (Fax)


Jeffrey A. Hoerter, Esq.
Of Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - -X
SUN LIFE AND HEALTH
INSURANCE COMPANY (U.S.),

                       Plaintiff/Stakeholder,

    -against-

KATHLEEN COLAVITO,
DOMENIC COLAVITO, and                        Docket No.  7:11-cv-5225 (KMK)
TERESA MAMONE COLAVITO,

                                   Judge Karas

                 Defendants/Claimants.
- - - - - - - - -- - - - - - - - - - - - - - - - - - - - - - - -X

## SUPPLEMENTAL MEMORANDUM OF LAW

## STATEMENT

      Defendant/Claimant Kathleen Colavito, by her attorneys, Martin Law Group, P.C., by

Jeffrey A. Hoerter, Esq., of Counsel, submits this supplemental memorandum of law in further

support of her motion for summary judgment, declaring her to be the rightful beneficiary and

owner of the proceeds of the within Sun Life and Health Insurance Policy, and directing the

Clerk of this Court to pay over to claimant Kathleen Colavito, the proceeds of said policy, which

have been deposited with the Clerk of this Court.

1

## QUESTION PRESENTED

1.       Whether claimant Kathleen Colavito is the rightful beneficiary and the owner of the proceeds of the within Sun Life and Health Insurance Company policy where she is the named beneficiary as designated by the policy holder, Matthew Colavito, deceased, in a designation of beneficiary dated October 26, 2007, and where no change of beneficiary with respect to the subject insurance policy was ever submitted prior to the named insured's death on January 5, 2011?

2.       Whether claimant Kathleen Colavito has met her burden in moving for summary judgment to demonstrate the absence of a genuine issue of material fact?

2

## THE FACTS

The facts relied on in this memorandum of law are contained in the Declaration of

Attorney Jeffrey A. Hoerter, dated April 5, 2013, and the Reply Declaration dated May 23, 2013,

to which this memorandum is appended.

## ARGUMENT

### POINT ONE

**AS THE NAMED BENEFICIARY OF THE
SUN LIFE INSURANCE POLICY, WHICH
DESIGNATION WAS NOT CHANGED
PRIOR TO THE DEATH OF THE INSURED,
CLAIMANT KATHLEEN COLAVITO IS THE
ONLY RIGHTFUL OWNER OF THE POLICY
PROCEEDS.**

As noted by the United States District Court for the Southern District of New

York in William Penn Life Ins. Co. of New York v. Viscuso, 569 F. Supp. 2d 355 (2008),

summary judgment is appropriate where there is no genuine issue of material fact and one party

is entitled to judgment as a matter of law.  The Court must resolve all ambiguity in favor of the

non-moving party and draw every permissible factual inference in the nonmoving party's favor.

The burden is on the movant to demonstrate the absence of a genuine issue of material fact.

In moving for summary judgment against a party who will bear the ultimate

burden of proof at trial, the movant's burden will be satisfied if he can point to an absence of

evidence to support an essential element of the nonmoving party's claim.  When the movant has

met that burden, its opponent must do more than simply show that there is some metaphysical

doubt as to the material facts.  In the language of Fed. R. Civ. P. 56, the nonmoving party must

come forward with specific facts showing that there is a genuine issue for trial.  William Penn

Life Ins. Co. of New York v. Viscuso, 569 F. Supp. 2d 355 (2008)(citations and internal

quotations omitted).

In the instant case, for the reasons that follow, this Court should determine that the

4

nonmoving parties bear the burden of proof at trial, and, that the moving party has met her

burden of establishing the absence of a genuine issue of material fact and that the nonmoving

parties have failed to come forward with specific facts or evidence showing that there is a

genuine issue for trial and, thus, that summary judgment is appropriately granted in favor of

claimant Kathleen Colavito.[1]  Fed. R. Civ. P. 56;  William Penn Life Ins. Co. of New York v.

Viscuso, 569 F. Supp. 2d 355 (2008).

### A).      The Burden of Proof Should be Allocated to Claimants Domenic Colavito and Teresa Mamone

Because the only signed writing designating a beneficiary on the Sun Life policy

names claimant Kathleen Colavito as beneficiary, and in light of the fact that claimants Domenic

Colavito and Teresa Mamone propose that this Court should give effect to what they assert was

the "intent" of Matthew Colavito regarding the disposition of the proceeds of that life insurance

policy, this Court should determine that claimants Domenic Colavito and Teresa Mamone would

bear the burden of proof if this matter was to proceed to trial.

As this Court is aware, at the time that he was hired by Dutchess BOCES,

Matthew Colavito was provided, at his employers expense, with a life insurance policy

underwritten by Sun Life, in the amount of $100,000.00.  At or shortly after the date of his hiring

(October 27, 2007), Matthew Colavito completed a form entitled "Genworth Financial

Enrollment Request," provided to him by Dutchess BOCES for the specific purpose of

designating a beneficiary on the Sun Life policy, naming claimant Kathleen Colavito, his wife, as

---

[1]  The parties appear to be in agreement that New York substantive law controls the issues in the instant proceeding.  It should be established beyond cavil that the Federal Rules of Civil Procedure control the procedural aspects thereof.

the designated beneficiary. As this Court is further aware, no subsequent change of beneficiary was received by either Sun Life or Dutchess BOCES, prior to Matthew Colavito's death on January 5, 2011.

After Matthew Colavito's death, competing claims to entitlement to the proceeds of the Sun Life policy were submitted by claimant Kathleen Colavito, and claimants Domenic Colavito and Teresa Mamone. Sun Life commenced this interpleader proceeding, depositing the policy proceeds with this Court. Now, this Court is called upon to adjudicate the competing claims. Claimant Kathleen Colavito moves for summary judgment, and in doing so has adduced proof as summarized above (i.e., the beneficiary designation and the established fact that no subsequent change of beneficiary was submitted to either Sun Life or Dutchess BOCES).

In opposition to the motion for summary judgment, claimants Colavito and Mamone ask this Court to find that Matthew Colavito intended to change the beneficiary designation on the Sun Life policy, pointing to the fact that, on August 11, 2009, he changed the beneficiary designation on his New York State and Local Retirement System death benefit, by signing and filing form RS 5127-I entitled Designation of Beneficiary with Contingent Beneficiaries with the New York State and Local Retirement System, and that on December 18, 2009, he changed the beneficiary designation on a life insurance policy provided by his union, the School Administrator's Association, and on a tape recording believed to have been made on or about October 17, 2010, he made certain statements regarding what he then wished done with his insurance proceeds.[1] Finally, claimants Colavito and Mamone claim that there is other

---

[1] As noted in the Supplemental Declaration of Jeffrey Hoerter dated May 23, 2013, by its own terms the tape recording is far from a final statement as to Matthew Colavito's intent. Rather, as noted in the concluding words of the recording, "This is just a first run. I'm going to

evidence, in the form of statements alleged to have been made by Matthew Colavito prior to his

death to his divorce attorney, that will establish his desire to change the Sun Life beneficiary

designation.[2]

Although it appears that there is no case directly on point on this issue, it seems

only fair to allocate the burden of proof to the party or parties seeking to undo or overturn the

beneficiary designation last made in writing and on file with the insurer and/or, as applicable to

this case, the employer. To do otherwise would serve no salutary purpose, and would only

encourage litigation over policy proceeds upon the simple assertion by any dissatisfied putative

litigant that the insured made some expression of a desire to change beneficiary. Indeed, as was

so succinctly stated by the New York Court of Appeals in McCarthy v. Aetna Life Ins. Co., 92

N.Y.2d 436 (1998):

> As a general rule, ..., the method prescribed by the
> insurance contract must be followed in order to effect a change of
> beneficiary. Such a rule serves the paramount goals of ensuring
> that life insurance proceeds are disbursed consistently with an
> insured's stated intent and of preventing the courts and parties from
> engaging in rank speculation regarding the wishes of the deceased.
>
> Strict compliance with the rule is not always required.
> Instead, "there must be an act or acts designed for the purpose of
> making the change, though they may fall short of it. The
> paramount factor in resolving the controversy is the intent of the
> insured. Mere intent, however, on the part of the insured is not
> enough; there must be some affirmative act or acts on [the part of
> the insured] to accomplish the change. Thus, if the decedent has

---

listen to it, play it back. We'll see where we go from there."

[2] It must also be noted that, as set forth in the Supplemental Declaration of Jeffrey
Hoerter dated May 23, 2013, by operation of New York Domestic Relations Law § 236, Part B,
(2) (b) (5) (effective September 1, 2009), Matthew Colavito's matrimonial attorney would have
known that any such effort would be violative of New York law.

> "done all that was reasonably possible to do to show his intention"
> or has made "every reasonable effort" to comply with the policy
> requirements, then substantial compliance with the terms of the
> policy will suffice to demonstrate the policyholders intent."
>
> While the act or acts constituting substantial compliance
> may vary, they do not include general testamentary statements in a
> will. Indeed, as part of the contract bargain, the employee agrees to
> change the beneficiary only pursuant to the procedures outlined in
> the policy, and these procedures generally will either expressly
> prohibit a change in beneficiary by testamentary disposition or
> impliedly prevent such mode of change by setting forth conditions
> to effect the change which cannot be met by a statement in a will.

McCarthy v. Aetna Life Ins. Co., 92 N.Y.2d 436 (1998)(citations and internal quotations

omitted).

Thus, it is evident that the party seeking to have the courts overrule the proscribed

method of beneficiary designation is the party that bears the burden of establishing the facts in

support of that proposition and, thus, the burden of proof. Fed. R. Civ. P. 56; William Penn Life

Ins. Co. of New York v. Viscuso, 569 F. Supp. 2d 355 (2008).

**B.    Movant Has Met Her Burden on the Motion for Summary Judgment and the
Nonmoving Parties Have Failed to Meet Their Burden.**

As noted above, in moving for summary judgment against a party who will bear

the ultimate burden of proof at trial, the movant's burden will be satisfied if he can point to an

absence of evidence to support an essential element of the nonmoving party's claim. When the

movant has met that burden, its opponent must do more than simply show that there is some

metaphysical doubt as to the material facts. In the language of Fed. R. Civ. P. 56, the nonmoving

party must come forward with specific facts showing that there is a genuine issue for trial.

William Penn Life Ins. Co. of New York v. Viscuso, 569 F. Supp. 2d 355 (2008). Here,

8

movant's burden is met by the simple and immutable fact that, at best, nothing more than mere intent, has been demonstrated by the nonmoving parties. However, as noted by the New York Court of Appeals, mere intent on the part of the insured is not enough; there must be some affirmative act or acts on the part of the insured to accomplish the change.

In addition, the affirmative act requirement compels a demonstration that the decedent has "done all that was reasonably possible to do to show his intention" or has made "every reasonable effort" to comply with the policy requirements. Only then will substantial compliance with the terms of the policy will suffice to demonstrate the policyholders intent. McCarthy v. Aetna Life Ins. Co., 92 N.Y.2d 436 (1998). Judged by these standards, it is clear that the moving party has demonstrated an absence of evidence to support these essential elements of the non-moving party's claim, and, thus, has met here burden, thereby shifting the burden to the nonmoving party to come forward with specific facts showing that there is a genuine issue for trial. This the nonmoving party has failed to do.

Indeed, the tape recording fails to establish a genuine issue simply because it is clothed with much less in the way of indicia of reliability owing to its own terms ("this is just a first run ..."), as well as the fact that it fails to qualify as a will or holographic will, and in McCarthy, the New York Court of Appeals rejected the holographic will offered therein.[3] The

---

[3] Further, the holding of the United States Court of Appeals for the Second Circuit in United States v. Pahmer, 238 F.2d 431 (2d Cir.,1956) is readily distinguishable. In the first instance, the applicable provisions of the Veterans' Administration interpreted by the Court of Appeals are entirely different from the provisions of New York law and the instant policy. In the second instance, the writing at issue in Pahmer was, as the Second Circuit found, in conformance with the requirements of the regulation (except for the requirement that the writing be forwarded to the Veterans' Administration by the insured or his agent), and was disposed of in such a way as the insured might have reasonably expected it to be found immediately upon the discovery of his suicide. Such cannot be said of the tape recording proffered by the nonmoving parties.

tape should be similarly rejected by this Court.

Finally, on the issue of the requirement of "positive action," nonmovant's continue to assert that by changing the beneficiary designation with respect to his School Adminstrator's Association life insurance policy and the beneficiary designation with respect to the death benefit associated with his retirement system membership, that this somehow establishes that Matthew Colavito took "positive action" with respect to the Sun Life policy. This assertion depends entirely on the unfounded assertion that "Matt Colavito acted, bringing signed forms changing his beneficiaries to all of his benefits to the Human Resources Office at BOCES, and mailing the others. He only fell short of accomplishing the change of beneficiary for the Sun Life Policy by not using a specific form." Memorandum of Law dated May 3, 2013, at p. 6.

Indeed, as previously noted before this Court, the form signed and filed by Matthew Colavito was a specific form addressed to the retirement system, and specifically denominated as a change of beneficiary form to be used in connection with the death benefit. Inasmuch as the testimony at depositions established that only some twenty-two months before he submitted the retirement system death benefit change of beneficiary, he had completed and filed two separate beneficiary designations (one for the retirement system and another for the Sun Life policy), and that he was provided with a memorandum from Mr. Wang giving instructions for the use of the "Genworth Financial" enrollment form in connection with the Sun Life policy, as well as the clear indication in the "Your Group Life Benefits" booklet establishing that the Sun Life policy was distinct from the retirement death benefit, gives rise only to the inference that Matthew Colavito intended only to change the retirement death benefit when he filed the

10

form specifically addressed to that entity. The rest is sheer speculation, and the conclusion that

such is nothing more then speculation is further established by the argument advanced in the

succeeding paragraphs of the Memorandum of law asserting that:

> It is unlikely that Matt even knew that his life insurance policy
> was with Sun Life. It is also unlikely that Matt realized that he had
> to see Peter Wang, specifically, to ask Mr. Wang how to change
> the Sun Life beneficiary. It is unlikely that Matt was even aware
> that the life insurance policy, at issue, was offered by BOCES, and
> not by his union or the State. It is most likely that since he
> completed change of beneficiary forms for both the union and the
> State of New York, changing the beneficiary to [nonmovants], that
> he certainly intended, and even thought, that he was changing the
> beneficiaries to all of his benefits, including the $100,000.00 Sun
> Life insurance policy.

See, Memorandum of Law dated May 3, 2013, at pp. 7-8.

It is respectfully submitted that these assertions, that can be fairly characterized as

nothing more than speculation, or a self-serving attempt to channel Matthew Colavito, fail to

show that there is anything more than some metaphysical doubt as to the material facts. Indeed,

in light of the fact that, after August 11, 2009, the date on which the retirement system death

benefit change of beneficiary form was filed, another year elapsed before the tape recording was

made, and after that date and despite the assertions made therein, there is no evidence that

Matthew Colavito made any effort to change the beneficiary on his Sun Life Policy. And this

despite the fact that the same person who provided Matthew Colavito with the Genworth

Financial enrollment form and the instruction memo in connection therewith, remained employed

and available in the office that handled employee benefits, in an office only a short distance away

from Matthew Colavito's office.

In sum, claimant Kathleen Colavito has met her burden, and the allegations

11

presented to this Court in opposition to the motion for summary judgment fail to raise genuine issues as to material facts so as to require trial.  Thus, movant has met her burden of establishing entitlement to summary judgment, and the nonmoving parties have failed to meet their burden to come forward with specific facts showing that there is a genuine issue for trial.  Indeed, speculation as to what Matthew Colavito's intent was, and what he may have believed with regard to the forms filed, utterly fail to establish a genuine issue for trial.

**POINT TWO**

**ANY ISSUE WITH REGARD TO THE CLAIM THAT A CONSTRUCTIVE TRUST SHOULD BE IMPOSED UPON THE SUN LIFE INSURANCE PROCEEDS IS NOT PROPERLY BEFORE THIS COURT; AND, IN ANY EVENT THERE IS INSUFFICIENT EVIDENCE BEFORE THIS COURT TO ESTABLISH ENTITLEMENT TO THE IMPOSITION OF A CONSTRUCTIVE TRUST**

In opposition to claimant Kathleen Colavito's motion for summary judgment, the nonmoving parties assert their entitlement to a constructive trust upon the proceeds of the subject life insurance policy. For the reasons that follow, this claim is not properly before this Court and, in any event, should this Court elect to treat this claim as a cross-motion for summary judgment on this issue, the nonmoving parties have failed to establish sufficient facts to entitle them to summary judgment on this claim.

In the first instance, claimants Domenic Colavito and Teresa Mamone have failed to comply with this Court's rules in that they have failed to seek this Court's permission to file a motion for summary judgment on this issue.

Second, they have failed to identify any basis for this Court to exercise jurisdiction over such a claim. Indeed, although the claim could possibly be characterized as falling under this Court's pendent or ancillary jurisdiction, the failure of claimants Domenic Colavito and Teresa Mamone to identify the basis of jurisdiction effectively prevents claimant Kathleen Colavito from advancing legal argument in response.

Thirdly, as noted in <u>Reitman Blacktop Inc. v. Missirlian</u>, 52 A.D.3d 752 (2d Dept.

13

2008):

> The statute of frauds bars oral modifications to a contract which
> expressly provides that modifications must be in writing (see
> General Obligations Law § 5-301[1]; Matter of Irving O. Farber,
> PLLC v. Kamalian, 16 A.D.3d 506, 506-507, 791 N.Y.S.2d 609).
> However, an oral modification is enforceable if there is part
> performance that is "unequivocally referable to the oral
> modification," and a showing of equitable estoppel (Rose v. Spa
> Realty Assoc., 42 N.Y.2d 338, 343, 345, 397 N.Y.S.2d 922, 366
> N.E.2d 1279; see Healy v. Williams, 30 A.D.3d 466, 467-468, 818
> N.Y.S.2d 121; Matter of Irving O. Farber, PLLC v. Kamalian, 16
> A.D.3d at 507, 791 N.Y.S.2d 609; Perry v. Perry, 13 A.D.3d 508,
> 509, 787 N.Y.S.2d 105).

Here, of course, even if it is assumed, arguendo, that Matthew Colavito's

continuation of child support payments was intentional on his part and not merely a function of

the failure to seek judicial modification of the child support order in question, such part

performance is not unequivocally referable to an oral modification.  Thus, it fails to satisfy the

statute of frauds.

Fourthly, despite the inclusion of specific arguments addressed to the constructive

trust issue in the original memorandum of law submitted by the undersigned in support of the

motion for summary judgment, claimants Colavito and Mamone fail to assert anything other than

speculation as to the basis for imposition of a constructive trust.  As a result, this Court should

give no weight to this unsupported assertion.

Finally, claimants Colavito and Mamone fail to acknowledge that it is equally

plausible that Matthew Colavito was attempting to satisfy the putative life insurance obligation

(if one in fact existed) by changing the beneficiaries on the retirement system death benefit.

In sum, there is no basis upon which this Court should find that a constructive

trust should be imposed upon the Sun Life policy proceeds.

## CONCLUSION

CLAIMANT KATHLEEN COLAVITO'S
MOTION FOR SUMMARY JUDGMENT
SHOULD BE GRANTED, IN ALL RESPECTS.

Respectfully submitted.

MARTIN LAW GROUP, P.C.
Attorneys at Law
Attorneys for
2644 East Main Street
Wappingers Falls, New York 12590
(845) 440-8594
(845) 440-8596 (Fax)

By: _____
Jeffrey A. Hoerter, Esq.

May, 2013

15